1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 13, 2021

SEAN F. McAVOY, CLERK

4

5

6

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

| | |
|---|---|
| KERRY P., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | NO:  1:20-CV-03136-SAB <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

13

14

15

16

17

    BEFORE THE COURT are the parties' cross motions for summary

judgment.  ECF Nos. 13, 14.  This matter was submitted for consideration without

oral argument.  Plaintiff is represented by Attorney D. James Tree.  Defendant is

18

19

20

21

    [1]Kilolo Kijakazi became the Acting Commissioner of Social Security on

July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure,

Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit.  No

further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

ORDER ~ 1

represented by Special Assistant United States Attorney Joseph J. Langkamer. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 14, and **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 13.

### JURISDICTION

Plaintiff Kerry P.[2] protectively filed applications for Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) on December 18, 2017, Tr. 79-80, alleging an onset date of November 1, 2017, Tr. 263, 272, 275, due depression, posttraumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), social anxiety, nightmares, Asperger's, borderline personality disorder, anxiety, seizures, and alcohol, meth, heroin, opioid, and cannabis use disorder, Tr. 324. Plaintiff's application was denied initially, Tr. 145-48, and upon reconsideration, Tr. 151-56. A hearing before Administrative Law Judge C. Howard Prinsloo ("ALJ") was conducted on September 5, 2019. Tr. 40-66. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Robert Simmons. *Id*. The ALJ denied

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

benefits on September 23, 2019.  Tr. 16-28.  The Appeals Council denied review

on July 15, 2020.  Tr. 1-6.  Plaintiff requested judicial review of the ALJ decision

by this Court on July 5, 2017.  Therefore, the ALJ's decision became in the final

decision of the Commissioner.  The matter is now before this Court pursuant to 42

U.S.C. §§ 405(g).  ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and

transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.

Only the most pertinent facts are summarized here.

Plaintiff was 26 years old at the alleged onset date.  Tr. 262.  She completed

high school in 2009.  Tr. 325.  Plaintiff worked as a barista, caregiver, house

keeper, laborer, and night stocker.  Tr. 326.  At application, she stated that she

stopped working on November 1, 2017 because of her conditions.  Tr. 324.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

(quotation and citation omitted).  Stated differently, substantial evidence equates to

"more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

///

///

ORDER ~ 5

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity from January 1, 2019 through the date of the decision, but there had been a continuous 12-month period during which she did not engage in substantial gainful activity. Tr. 18. At step two, the ALJ found that Plaintiff had the following severe

ORDER ~ 7

impairments: obesity; headaches; personality disorder; methamphetamine use disorder; PTSD; and major depressive disorder.  Tr. 18.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equaled the severity of a listed impairment through the date last insured.  Tr. 19.  The ALJ then found that Plaintiff had the RFC to perform medium work as defined in 20 CFR §§ 404.1567(c), 416.967(c) with the following limitations:

> she may never climb ladders, ropes, or scaffolds or work with concentrated exposure to hazards.  She is able to understand and remember 1-3 step instructions with infrequent contact with the general public which would be incidental to job duties.  She would do best with work that does not require close coordination with supervisors or peers.

Tr. 20.

At step four, the ALJ identified Plaintiff's past relevant work as a warehouse worker and a housekeeper and found that she could perform this past relevant work.  Tr. 26.  The ALJ then made an alternative step five finding that, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including: laundry worker; auto detailer; and hospital cleaner.  Tr. 26-27.  The ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from November 1, 2017 through the date of his decision.  Tr. 27.

///

///

ORDER ~ 8

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her SSDI under Title II and SSI under Title XVI of the Social Security Act.  ECF No. 13.  Plaintiff raises the following issues for this Court's review:

1.  Whether the ALJ properly addressed Plaintiff's symptom statements; and

2.  Whether the ALJ properly addressed the medical opinions.

## DISCUSSION

**1.    Plaintiff's Symptom Statements**

Plaintiff argues that the ALJ erred in his treatment of her symptom statements.  ECF No. 13 at 6-15.

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom."  *Id*.

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

ORDER ~ 9

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).

The ALJ stated that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 21. The ALJ gave six reasons for rejecting Plaintiff's symptom statements: (1) her allegations of disabling headaches are uncorroborated by findings on physical examination, Tr. 21; (2) her allegations of headaches and mental health symptoms are inconsistent with her appearing in no acaute distress, Tr. 21, 22; (3) her headaches and mental health symptoms have been responsive to medications, Tr. 21, 22; (4) her mental health allegations are inconsistent with her unremarkable appearance and performance at a formal mental status examination in November of 2017, Tr. 22; (5) there is "a significant situational component contributing to the claimant's mental health symptoms indicating that her symptoms are not as chronic or severe as alleged," Tr. 23; and (6) her alleged symptoms are undermined by her constant indications to providers that she is capable of work, Tr. 23.

The ALJ's first reason for rejecting Plaintiff's symptom statements, that her complaints of headaches are uncorroborated by findings on physical examination, is not specific, clear and convincing. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the

claimant's testimony.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).  The ALJ found that Plaintiff that reported that her headaches occurred several times per week, but determined that "[h]er allegations of disabling headaches are likewise uncorroborated by findings on physical examination."  Tr. 21.  Plaintiff challenges this finding by alleging that she did not include migraines as an impairment that limited her ability to work nor did the ALJ point to any testimony to her impairments limited her ability to work.  ECF No. 13 at 7.  She did not include headaches on most of the forms submitted to Social Security.  Tr. 304-11, 324, 361-67  However, on appeal Plaintiff did include headaches on a form and claimed that as of May 2018 her migraines had increased in severity.  Tr. 370.  The ALJ included citations to Plaintiff's reports to providers that she experienced frequent migraines in his decision.  Tr. 21 *citing* Tr. 570 (On April 10, 2018, Plaintiff reported weeks on end with daily headaches, vision changes, and nausea lasting six to twelve hours.); Tr. 545 (On October 23, 2018, Plaintiff reported having three migraines in the past two weeks, previously she was having migraines three or four days a week.); Tr. 628 (In November of 2018, Plaintiff stated that she experienced headaches on a patient intake form.); Tr. 541 (On December 24, 2018, Plaintiff reported that she had experienced one migraine in the last two weeks.).  The ALJ found that normal neurological exams undermined these reports to her providers.  Tr. 21.  However, migraines are not inconsistent with normal neurological findings.  Neurological tests are used to rule out diseases

ORDER ~ 11

of the brain or nerves that may cause headaches or migraines, not as evidence that the headaches are nonexistent.  *See* S.S.R. 19-4p.  Therefore, this fails to meet the specific, clear and convincing standard.

The ALJ's second reason for rejecting Plaintiff's symptom statements, that her complaints of headaches and mental health symptoms are inconsistent with her appearing in no acute distress, is not specific, clear and convincing.  An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's testimony.  *Bray*, 554 F.3d at 1227.  However, district courts have questioned the applicability of the generic chart note of "no acute distress" to chronic conditions such as Plaintiff's headaches and mental health impairments.  *See Toni D. v. Saul*, No. 3:19-cv-820-SI, 2020 WL 1923161, at *6 (D. Or. April 21, 2020) *citing, Mitchell v. Saul*, No. 2:18-cv-01501-GMN-WGC, 2020 WL 1017907, at *7 (D. Nev. Feb. 13, 2020) ("Moreover, the court agrees with Plaintiff that notations that Plaintiff was healthy 'appearing' and in no 'acute' distress do not distract from the findings regarding Plaintiff's chronic conditions."); *Richard F. v. Comm'r of Soc. Sec.*, No. C19-5220 JCC, 2019 WL 6713375, at *7 (W.D. Wash. Dec. 10, 2019) ("Clinical findings of 'no acute distress' do not undermine Plaintiff's testimony.  'Acute' means 'of recent or sudden onset; contrasted with chronic.' Oxford English Dictionary, acute (3d ed. December 2011).  Plaintiff's impairments are chronic, not acute.").  Here, because Plaintiff suffered from chronic impairments, she would appear in no acute distress

unless she was presently experiencing a headache or an anxiety attack. Therefore, the generic chart note of "no acute distress" is not a specific, clear and convincing reason to discount Plaintiff's symptom testimony.

The ALJ's third reason to reject Plaintiff's symptom statements, that her mental health symptoms improved with treatment and were partially controlled with treatment, is specific, clear and convincing. The Ninth Circuit has held that impairments controlled by medication are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Here, substantial evidence supports a finding that Plaintiff's headaches improved in 2018. In April of 2018, Plaintiff reported weeks on end with daily headaches, vision changes, and nausea lasting six to twelve hours. Tr. 570. On October 23, 2018, Plaintiff reported having three migraines in the past two weeks, which was an improvement from her prior reports of migraines three or four days a week. Tr. 545. By December of 2018, Plaintiff reported only one headache in the last two weeks. Tr. 541. This improvement is attributed Plaintiff taking Topamax. Tr. 545, 565. Likewise, the record demonstrates that Plaintiff's mental health symptoms improved during this time. Tr. 571 (Plaintiff stated that the increase in citalopram was working and she was able to stay more focused); Tr. 564 (Plaintiff reported that the citalopram was working, but she did experience a panic attack last week); Tr. 543 (Plaintiff reported that her depression and anxiety were doing well with citalopram and buspirone). Therefore, the record supports the ALJ's determination that Plaintiff's

ORDER ~ 13

impairments improved with medication and are at least partially controlled with medication. This meets the specific, clear and convincing standard.

The ALJ's fourth reason for rejecting Plaintiff's symptom statements, that her mental health allegations are inconsistent with her unremarkable appearance and performance at a formal mental status examination in November of 2017, is specific, clear and convincing. On November 21, 2017, Dr. Pratt evaluated Plaintiff and reported normal observations. Tr. 450. The mental status examination was also normal. Tr. 450-51. Therefore, this meets the specific, clear and convincing standard.

The ALJ's fifth reason for rejecting Plaintiff's symptom statements, that her mental health symptoms were attributed to situational stressors, is specific, clear and convincing. An ALJ may reasonably find a claimant's symptom testimony less credible where the evidence "squarely support[s]" a finding that the claimant's impairments are attributable to situational stressors rather than impairments. *Wright v. Colvin*, No. 13-CV-3068-TOR, 2014 WL 3729142, at *5 (E.D. Wash. July 25, 2014) ("Plaintiff testified that she would likely be able to maintain full-time employment but for the 'overwhelming' stress caused by caring for her family members"). Plaintiff reported stressors such as child custody dispute, unemployment, and the lack of transportation. Tr. 543-44, 547. Once the lack of transportation was resolved, her provider reported that her symptoms were improved due to having her own vehicle. Tr. 543. Therefore, the ALJ's

ORDER ~ 14

1    determination is supported by substantial evidence and meets the specific, clear

2    and convincing standard.

3           The ALJ's sixth reason for rejecting Plaintiff's symptom statements, that

4    Plaintiff consistently reported to her providers that she was able to work, is

5    specific, clear and convincing.  Plaintiff asserts that although she indicated she

6    wanted to go back to work various times, that does not mean she had the ability to

7    work.  ECF No. 13 at 12.  The Ninth Circuit has found that "[a] willingness to try

8    to engage in rehabilitative activity and a release by one's doctor to engage in such

9    an attempt is clearly not probative of a present ability to engage in such activity."

10   *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978).  However, Plaintiff not only

11   expressed a desire to go back to work, she did go back to work and earned income

12   exceeding the substantial gainful activity level.  Tr. 295 (showing $4,881.00 in

13   earnings for the first quarter of 2019).  Therefore, this meets the specific, clear and

14   convincing standard.

15          Plaintiff also asserts that the ALJ rejected Plaintiff's symptom statements

16   because there was no evidence of significant complications related to obesity.  ECF

17   No. 13 at 6.  While the ALJ found that Plaintiff's statements were "not entirely

18   consistent with the medical evidence" and then summarized the evidence in the

19   record relating to obesity, Tr. 21, the ALJ never made a finding that the medical

20   evidence of obesity undermined Plaintiff's statements.  While there is some

21   argument that the Court could infer this reason from the ALJ's decision, without a

ORDER ~ 15

specific statement as to how this reason undermined Plaintiff's symptom statements, it falls short of the required specific, clear and convincing standard. The Ninth Circuit has held that "[t]his is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) *citing Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (internal citations omitted).

Here, some of the reasons provided by the ALJ for rejecting Plaintiff's symptom statements failed to meet the specific, clear and convincing standard. However, several do meet this standard. Therefore, any error would be harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti*, 533 F.3d at 1038 (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

## 2.    Medical Source Opinions

Plaintiff challenges the ALJ's determination regarding the persuasiveness of the opinions from John F. Robinson, Ph.D. and Daniel Pratt, Psy.D. ECF No. 13 at 15-21.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations emphasize that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c), 416.920c(c).

## A.    John F. Robinson, Ph.D.

On January 29, 2018, Dr. Robinson completed a mental RFC. Tr. 91-93. He opined that Plaintiff was able to understand and remember simple one to three step instructions, Tr. 91, that she was able to maintain attention and concentration for periods up to two hours at a time for simple and routine tasks (SVP 1-2), Tr. 92, that she was able to complete a normal work day and work week with no more than customary breaks, Tr. 92, that she was able to perform work with infrequent contact with the general public which is incidental to her job duties, Tr. 92, that she was able to accept supervision but would do best with work that does not require close coordination with supervisors or peers, Tr. 92, and that she was capable of adjusting to the demands of a routine work environment with predictable job duties and expectations, Tr. 93. The ALJ found the opinion to be persuasive, Tr. 23, and included the limitations opined in the RFC determination, Tr. 20.

ORDER ~ 18

Plaintiff argues that the ALJ cannot rely on this opinion because Dr. Robinson did not meet the requirements of 20 C.F.R. § 404.1616(c)-(d). ECF No. 13 at 16. Regulations require that a psychological consultant be a licensed or certified psychologist at the independent practice level of psychology by the State in which he or she practices. 20 C.F.R. § 404.1616(d)(1). On August 27, 2020, Social Security updated Plaintiff's file with a note that "[t]he file includes a reconsideration determination signed by an individual who did not meet the qualifications of a psychologist consultant because s/he had a restricted license when s/he signed the determination." Tr. 395. Defendant does not challenge Plaintiff's assertion that the August 27, 2020 note in the file refers to Dr. Robinson, but argues that any error is harmless because the opinion of Dan Donahue, Ph.D. is the same as that of Dr. Robinson. ECF No. 14 at 12-13.

First, the August 27, 2020 note in the file does not state which provider had the restricted license. Instead, it states that the psychologist consultant that signed the reconsideration determination had the restricted license. Tr. 395. Dr. Robinson provided the opinion on the initial denial, and Dr. Donahue provided the opinion on reconsideration. Tr. 90-93, 123-26. Plaintiff did not submit any licensing information from the State to support her assertion that the restricted license in the note referred to Dr. Robinson.

Second, Defendant is accurate that Dr. Donahue's opinion is identical to Dr. Robinson's. Tr. 90-93, 123-26. The ALJ also found Dr. Donahue's opinion to be

ORDER ~ 19

persuasive.  Tr. 21.  Therefore, regardless of who had the restricted license, any error would be harmless because the psychological consultant with the valid license provided the same opinion as the psychological consultant with a restricted license.  *See Tommasetti*, 533 F.3d at 1038 (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

Plaintiff argues any error in Dr. Robinson's licensing is harmful because Dr. Donahue's opinion was a mere concurrence with Dr. Robinson's opinion.  ECF No. 15 at 7.  While Dr. Donahue's opinion is the same as Dr. Robinson's, there is no indication that Dr. Donahue relied solely on Dr. Robinson's opinion when forming his own.  ECF No. 123-26.  Therefore, the Court will not disturb the ALJ's determination.

## B.    Daniel Pratt, Psy.D.

In November of 2017, Dr. Pratt evaluated Plaintiff and completed Psychological/Psychiatric Evaluation for the Washington State Department of Social and Health Services.  Tr. 499-503.  He diagnosed Plaintiff with unspecific depressive disorder, unspecified personality disorder, rule out borderline personality disorder, and rule out attention-deficit/hyperactivity disorder.  Tr. 501. He opined that Plaintiff had a marked limitation in the abilities to adapt to changes in a routine setting, to maintain appropriate behavior in a work setting, and to complete a normal work day and work week without interruptions from

ORDER ~ 20

psychologically based symptoms.  Tr. 501.  He opined that Plaintiff had a moderate limitation in the remaining basic work activities.  *Id*.  He opined that the limitation would last for nine to twelve months with available treatment.  *Id*.

The ALJ found the opinion to be not persuasive for five reasons: (1) it was inconsistent with the record; (2) it was inconsistent with the observations by providers; (3) it was inconsistent with the fact that Plaintiff's symptoms appear tied to situational stressors; (4) it was inconsistent with the evidence that Plaintiff's mental conditions were responsive to medication, it was inconsistent with Plaintiff's statements that she was searching for work and that she was capable of work; and (5) it was inconsistent with Dr. Pratt's own observations of Plaintiff and her performance on the formal mental testing administered in November of 2017. Tr. 24.[3]

Here, the ALJ discussed the required factors of supportability and consistency as set forth in 20 C.F.R. §§ 404.1520c(c), 416.920c(c).  In discussing supportability, the ALJ found that Dr. Pratt's own observations and formal testing

---

[3]In supporting these reasons, the ALJ refers to "Finding #5," Tr. 24, which is the ALJ's step three determination, Tr. 19.  However, this appears to be a scrivener's error as this portion of the decision also refers to "Finding #5."  Tr. 19. In reading the document as a whole, the ALJ is referring to his analysis of Plaintiff's symptom statements under Funding #6.

ORDER ~ 21

in November of 2017 was inconsistent with the opinion. Tr. 24. Dr. Pratt's observations were normal and the mental status exam was normal. Tr. 502-03. Therefore, in discussing supportability, the ALJ's determination in supported by substantial evidence.

In discussing consistency, the ALJ found that Dr. Pratt's opinion was inconsistent with the observations of other providers. Tr. 24. This is supported by substantial evidence. Tr. 459 ("seems awake, alert and cooperative."): Tr. 465, 490 ("alert, conversant and cooperative without any overt depressive findings."); Tr. 492 ("Alert, oriented, pleasant, speech not pressure, no suggestion of anxiety, depression or agitation. Thoughts are organized."). The lack of observed symptoms of depression, agitation, or anxiety speaks to the consistency of the opinion, and the Court will not disturb the ALJ's treatment of the opinion.

## CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to an ALJ's assessment so long as it is supported by substantial evidence. 42 U.S.C. § 405(g). After review, the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

ORDER ~ 22

2.  Defendant's Motion for Summary Judgment, ECF No. 14, is

   **GRANTED**.

   The District Court Executive is hereby directed to enter this Order and

provide copies to counsel, enter judgment in favor of the **Defendant**, and **CLOSE**

the file.

   DATED:  October 13, 2021.



Stanley A. Bastian
Chief United States District Judge

ORDER ~ 23